Form 145

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**John A. Koval Jr.
aka Jack A. Koval Jr.**
    Debtor(s)

Bankruptcy Case No.: 22−20274−GLT

Chapter: 13
Docket No.: 28

## NOTICE – REMINDER

    Pursuant to *Fed.R.Bankr.P. 5009(b)*, notice is hereby given that the above−captioned case will be closed without an *Order of Discharge* unless a **Certification of Completion of Instructional Course Concerning Personal Financial Management** (**Official Form B423**), *"the Certification"*, is filed within the applicable deadline set forth in *Fed.R.Bankr.P. 1007(c)*. The deadlines are as follows:

    ***CHAPTER 13 CASES*** − − *Fed.R.Bankr.P. 1007(c)* requires an individual debtor in a Chapter 13 case to file a statement regarding completion of a course in personal financial management no later than the date when the last payment was made by the Debtor as required by the *Plan* or the filing of a motion for discharge under *11 U.S.C. §1328(b)*.

    ***ADDITIONAL CHAPTER 13 CASE CERTIFICATION*** − − *11 U.S.C. §1328* requires that as a condition to eligibility of the Debtor(s) to receive a discharge upon successful completion of the Plan, Counsel for the Debtor(s), or the Debtor(s) if not represented by Counsel, shall file with the Court a certification:

    (1)  that the Debtor(s) is entitled to a discharge under the terms of *11 U.S.C. §1328* of the Bankruptcy Code;

    (2)  specifically certifying that all amounts payable under a judicial or administrative order or, by statute, requiring the Debtor(s) to pay a domestic support obligation that are due on or before the date of the Certification (including amounts due before the petition was filed, but only to the extent provided for by the Plan) have been paid;

    (3)  that the Debtor(s) did not obtain a prior discharge in bankruptcy within the time frames specified in *11 U.S.C. §1328(f)(1) or (2)*;

    (4)  that the Debtor(s) has completed an instructional course concerning personal financial management within the meaning of *11 U.S.C. §1328(g)(1);* and

    (5)  that *11 U.S.C. §1328(h)* does not render the Debtor(s) ineligible for a discharge.

Dated: May 12, 2022                                                                                                             Michael R. Rhodes, Clerk
                                                                                                                                               United States Bankruptcy Court

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-20274-GLT |
| John A. Koval, Jr. | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: admin | Page 1 of 2 |
| Date Rcvd: May 12, 2022 | Form ID: 145 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 14, 2022:**

**Recip ID         Recipient Name and Address**
db            +  John A. Koval, Jr., 1318 Main St., Coraopolis, PA 15108-1864

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 14, 2022             Signature:        /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 12, 2022 at the address(es) listed below:**

**Name                              Email Address**

Brian Nicholas
                        on behalf of Creditor Park Place Securities  Inc. Asset-Backed Pass-Through Certificates, Series 2004-WWF1, U.S. Bank NA, as Trustee, sucecssor in interest to Wachovia Bank N.A. as Trustee bnicholas@kmllawgroup.com

Jeffrey R. Hunt
                        on behalf of Creditor Borough of Coraopolis jhunt@grblaw.com

Kenneth Steidl
                        on behalf of Debtor John A. Koval  Jr. julie.steidl@steidl-steinberg.com, ken.steidl@steidl-steinberg.com;ifriend@steidl-steinberg.com;asteidl@steidl-steinberg.com;todd@steidl-steinberg.com;rlager@steidl-steinberg.com;leslie.nebel@steidl-steinberg.com;jseech@steidl-steinberg.com

Keri P. Ebeck
                        on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com  jbluemle@bernsteinlaw.com

Office of the United States Trustee
                        ustpregion03.pi.ecf@usdoj.gov

| | | |
|---|---|---|
| District/off: 0315-2 | User: admin | Page 2 of 2 |
| Date Rcvd: May 12, 2022 | Form ID: 145 | Total Noticed: 1 |

Ronda J. Winnecour
            cmecf@chapter13trusteewdpa.com

TOTAL: 6